UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINDSAY THOMAS PEEPLES,

    Petitioner,

v.               Case No: 6:18-cv-699-Orl-40KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____/

**ORDER OF DISMISSAL**

  Before the Court is Petitioner Lindsay Thomas Peeples' ("Petitioner's" or "Peeples'") petition for writ of habeas corpus, filed under 28 U.S.C. § 2254 (Doc. 1). In compliance with this Court's Order (Doc. 3), Respondents filed a response to the petition and argued that it must be dismissed with prejudice as barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (Doc. 6). Peeples filed a reply in which he conceded that the petition is untimely and requested that the case be dismissed without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure (Doc. 1). Thereafter, in a supplemental response (Doc. 10), Respondents maintained that the petition should be dismissed with prejudice.

  Upon due consideration, the Court finds that the petition is due to be dismissed with prejudice because it is barred by the applicable statute of limitations.

## I. Background and Procedural History[1]

On June 30, 2010, a grand jury indicted Peeples on one charge of first-degree murder, in violation of Florida Statute §§ 782.04(1) and 775.087 and one charge of aggravated battery with a firearm, in violation of Florida Statute §§ 784.045(1)(a)(1), 775.087(1) and 775.087(2) (Ex. A). A jury found Peeples guilty as charged (Ex. C). He was sentenced to life in prison on count one and to thirty years in prison on count two (Ex. I at 1). Florida's Fifth District Court of Appeal ("Fifth DCA") affirmed on September 6, 2011 (Ex. D); *Peeples v. State*, 84 So. 3d 333 (Fla. 5th DCA 2011). Mandate issued on October 17, 2011 (Ex. E).

On September 21, 2011, Peeples filed a motion to vacate his sentence under Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. F). The trial court struck the motion as facially insufficient because it did not contain the oath required by Rule 3.850 (Ex. G).

On April 25, 2012, Peeples filed a motion to correct his sentence under Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. H). In the motion, Peeples sought thirty additional days of jail credit (*Id.*). The motion was granted on May 4, 2012 (Ex. I).

On April 8, 2013 and June 17, 2014, Peeples filed a motion and an amended motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure (collectively, "Rule 3.850 Motion") (Ex. J). All claims raised in the Rule 3.850 Motion were denied (Ex. K; Ex. O). Florida's Fifth DCA affirmed the denial of Peeples' Rule 3.850

---

[1] Citations to exhibits and appendices are to those filed by Respondents on August 21, 2018 (Doc. 6).

Motion on August 16, 2016 (Ex. T); *Peeples v. State*, 199 So. 3d 283 (Fla. 5th DCA 2016). Mandate issued on September 9, 2016 (Ex. T).

On June 9, 2017, Peeples filed a successive Rule 3.850 Motion (Ex. W). On June 20, 2017, the trial court dismissed the motion as successive and procedurally barred (Ex. X). Florida's Fifth DCA affirmed on October 31, 2017 (Ex. Z). Mandate issued on January 9, 2018 (Ex. CC).

Peeples signed the instant petition on May 3, 2018 (Doc. 1).[2]

## II. Discussion

Title 28 U.S.C. § 2244 provides in pertinent part:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) is the date it was signed. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

3

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Here, Peeples does not allege—nor does it appear from the pleadings or record—that the statutory triggers set forth in §§ 2244(d)(1)(B)-(D) apply. Therefore, the statute of limitations will be examined from the remaining statutory trigger, which is the date on which Peeples' conviction became final. 28 U.S.C. § 2244(d)(1)(A).

a. **The 28 U.S.C. § 2254 petition is untimely under 28 U.S.C. § 2244(d)(1)(A)**

Peeples' conviction became final on December 5, 2011, when the time for seeking certiorari review in the United States Supreme Court expired. *See* U.S.S.C. Rule 13-1; *Coates v. Byrd*, 211 F.3d 1225, 1226-27 (11th Cir. 2000) (recognizing that the AEDPA statute of limitations begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review). Accordingly, Peeples had until December 6, 2012 to file his 28 U.S.C. § 2254 petition in federal court. Because he did not file his habeas petition until May 3, 2018, it is 1974 days late under 28 U.S.C. § 2244(d)(1)(A) unless tolling principles apply to render it timely.

b. **Peeples is not entitled to statutory tolling**

As noted above, § 2244(d)(2) provides that the time during which a properly filed application for State post-conviction relief is pending is not counted against the AEDPA

4

statute of limitations. After 145 days of his limitations period passed, Peeples filed his first post-conviction tolling motion – a Rule 3.800(a) motion to correct an illegal sentence on April 25, 2012 (Ex. H).[3] This pleading tolled the limitations period until May 4, 2012.

Peeples did not file any further post-conviction motions until after his AEDPA statute of limitations had expired. *See Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001) (recognizing that a state court petition that is filed after the expiration of the federal limitations period cannot toll that period because there is no remaining period to be tolled) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Therefore, Peeples' later post-conviction filings could not toll any time, and the present petition is barred from review.[4]

---

[3] Peeples' September 21, 2011 motion to vacate did not contain the required oath, and as a result, it did not toll the AEDPA statute of limitation. *See Jones v. Sec'y, Fla. Dep't of Corr.*, 499 F. App'x 945, 950 (11th Cir. 2012) ("This Court has held that a Rule 3.850 motion that did not contain the written oath required by Florida law was not 'properly filed' under § 2244(d)(2) and, thus, did not toll AEDPA's one-year limitations period.") (citing *Hurley v. Moore*, 233 F.3d 1295, 1297-98 (11th Cir. 2000)).

[4] Even if the AEDPA limitations period began on May 4, 2012 when Peeples' judgment was amended to award additional jail credit — an argument not made by either Peeples or Respondents — the instant § 2254 petition would still be untimely. *See Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) ("AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence."). In this scenario, Peeples filed his first tolling motion (Ex. J) on April 8, 2013 — 339 days after he was resentenced on May 4, 2012. Mandate from the Fifth DCA on this tolling motion issued on September 9, 2016, giving Peeples through October 5, 2016 to either file a timely § 2254 petition or another tolling motion (Ex. S; Ex. T). However, Peeples filed nothing else in state court until June 9, 2017 (Ex. W). Accordingly, even if given the benefit of the later date of finality, Peeples' § 2254 petition was untimely.

### c. The "actual innocence" exception does not provide a gateway to federal habeas review

In his petition, Peeples asserts, without explanation, that "the actual innocence standard announced in *McQuiggin v. Perkins*, [569 U.S. 383] (2013)" excuses the untimeliness of his petition (Doc. 1 at 13). In *McQuiggin*, the Supreme Court recognized that the actual innocence gateway to federal habeas review developed in *Schlup v. Delo*, 513 U.S. 298 (1995) and *House v. Bell*, 547 U.S. 518 (2006) extends to cases where the petition would otherwise be barred by the expiration of the AEDPA one-year statute of limitations. *McQuiggin*, 569 U.S. at 395. However, this equitable exception applies only to a "severely confined category" of cases; namely, those matters where the petitioner produces new reliable evidence sufficient to show that "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id.* (quoting *Schlup*, 513 U.S. at 327). *Schlup* defined "new evidence" as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence . . . that was not presented at trial." *Schlup*, 513 U.S. at 324-27. Peeples does not support his actual innocence claim with any "new reliable evidence" not available at trial, and his general and unsupported allegation that he is actually innocent falls short of making the required showing to overcome the AEDPA statute of limitations.

### d. The petition will be dismissed with prejudice

Peeples does not dispute Respondents' timeline and concedes that his 28 U.S.C. § 2254 petition is untimely (Doc. 8). He asks this Court to "dismiss his pending 2254 without prejudice, or whatever this Court deems appropriate in accordance with the

6

law." (*Id.*). Rule 41(a)(2) of the Federal Rules of Civil Procedure, provides that an action may be dismissed at the plaintiff's request only by court order if the request is made after an answer has been filed by the opposing party. Fed. R. Civ. P. 41(a)(2). Respondents oppose a dismissal without prejudice (Doc. 10).

The Court declines to dismiss this case without prejudice. "[T]he decision whether or not to grant such a dismissal is within the sound discretion of the district court." *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991). Thus, a plaintiff holds no right to such a dismissal. *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1259 (11th Cir. 2006) (citing *Fisher*). "What is more, in exercising its discretion, the court must keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." *Bayshore Ford*, 471 F.3d at 1259 (quoting *Fisher*, 940 F.3d at 1503 (internal quotation marks omitted)).

In this instance, Peeples initiated this action. Respondents were required to answer Peeples' claims and were required to locate, collect, and submit the relevant record. Respondents have demonstrated that Peeples has no right to further federal habeas review. To permit a dismissal without prejudice is not fair to Respondents nor justified under the circumstances. Moreover, Peeples has provided no explanation why this case should be dismissed without prejudice—particularly considering that he concedes that it is time-barred. Accordingly, this matter is due to be dismissed with prejudice. *See Fountain v. Forniss*, No. 3:12-cv-2477-JHH-JEO, 2013 WL 360261. *2 (N.D. Ala. Jan. 25, 2015) (concluding that the denial of the petitioner's motion to voluntarily withdraw a time-barred federal habeas petition was proper because the respondent had

7

"demonstrated the absence of any right to further review" and because "[t]o permit a dismissal without prejudice is not fair to the respondents or justified under the circumstances"); *Gambrell v. Bazzle*, No. 9:07–cv–00172–RBH, 2008 WL 269505, *4–5 (D.S.C. April 29, 2009) (denying the petitioner's motion for voluntary dismissal without prejudice where the federal habeas petitioner was clearly time-barred); *Jessup v. Daniels*, No. 1:13CV607, 2014 WL 1431728, *5 (M.D.N.C. Apr. 14, 2014) (denying Petitioner's motion to dismiss without prejudice under Rule 41(a)(2) because "[a] dismissal without prejudice would . . . permit Petitioner to avoid an imminent dismissal with prejudice in a case he initiated" if he raised the same claims again in a second § 2254 petition).

### III. Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Peeples has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.

8

Because Peeples is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

## IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The petition for writ of habeas corpus filed by Lindsay Thomas Peeples is **DISMISSED WITH PREJUDICE** as time-barred.

2. Petitioner is **DENIED** a certificate of appealability.

3. The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Orlando, Florida on October 12, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-4

9